UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
**MELANIE A. KERN**,

                           Plaintiff,                    **_COMPLAINT_**

       -against-                           PLAINTIFF
                                                               DEMANDS TRIAL
                                                               BY JURY

**LONG ISLAND RAIL ROAD COMPANY**,

                           Defendant.
-------------------------------------------------------------------X

Plaintiff complaining of the defendant by her attorneys, FLYNN & LAURIELLO PLLC, respectfully alleges as follows:

## **The Parties**

1. At all times hereinafter mentioned, plaintiff was employed by defendant LONG ISLAND RAIL ROAD COMPANY, hereinafter LIRR, as a LIRR locomotive engineer in the LIRR Transportation Department.

2. At all times hereinafter mentioned, plaintiff was a LIRR employee in the course and scope of her work from and for the defendant.

3. Upon information and belief, that at all times hereinafter mentioned, LIRR was a public benefit corporation duly organized and existing under and by virtue of the laws of the State of New York, and was doing business within the jurisdiction of this Court as an interstate common carrier by railroad.

## Jurisdiction

4. That at all times hereinafter mentioned, plaintiff and defendant were engaged in the furtherance of the business of the defendant railroad, to wit., the transportation of interstate commerce.

5. Plaintiff's cause of action against the defendant arises under the Act of Congress of April 22, 1908, Chapter 149, 35 Statute 65, as amended, commonly known as the Federal Employers' Liability Act, 45 USCA, Chaps. 1 and 2, and the rules and regulations promulgated thereunder.

6. The Court has jurisdiction of the subject matter of plaintiff's cause of action against the defendant pursuant to 28 USCA Section 1331, Federal Question.

## Liability

7. Upon information and belief, at all times hereinafter mentioned, defendant operated, managed and controlled LIRR Train #821.

8. Upon information and belief, at all times hereinafter mentioned, LIRR Train #821 was comprised of LIRR M3 cars, one of which was LIRR M3 #9862.

9. Upon information and belief, at all times hereinafter mentioned, LIRR M3 #9862 was a MU locomotive as the term MU locomotive is defined at 49 CFR 229.5.

10. Upon information and belief, at all times hereinafter mentioned, LIRR M3 #9862 was in use on defendant's line as a locomotive.

11. Upon information and belief, at all times hereinafter mentioned, defendant operated, managed, and controlled LIRR M3 #9862, its parts and appurtenances.

12. Upon information and belief, at all times hereinafter mentioned, LIRR Train #821 was operating in the LIRR VD Yard.

13. Upon information and belief, on December 26, 2019, plaintiff was performing her duties on LIRR Train #821, in LIRR M3 #9862, when, as she attempted to open the storm door on M3 #9862, the door malfunctioned, was unsafe and hazardous, causing plaintiff to sustain injuries hereinafter set forth.

14. That the aforesaid occurrence was due solely and wholly to the carelessness and negligence of defendant, its agents and/or employees in causing, permitting and allowing: M3 #9862, the locomotive door, door system, and its assembly, and the parts and appurtenances thereof, to be, become, and remain improperly maintained, unsafe, perilous and hazardous, unsafe for expected use, and in otherwise being careless and negligent; and due to no fault or lack of care on the part of the plaintiff herein.

15. Upon information and belief, that the aforesaid occurrence was due to the violation by defendant "LIRR", its agents and/or employees of the Federal Employers' Liability Act, Chapter 2, 45 USC § 51, and the rules and regulations promulgated thereunder.

16. Upon information and belief, that the aforesaid occurrence was due to the violation by defendant "LIRR", its agents and/or employees of the Federal Employers' Liability Act, Chapters 1 & 2, and Subtitle V, Rail Programs, Part A Safety, Chapter 203, Safety

Appliances, 49 USCA 20302 et seq., commonly known as the Safety Appliances Act, and the rules and regulations promulgated thereunder.

17. Upon information and belief, that the aforesaid occurrence was due to the violation by defendant "LIRR", its agents and/or employees of the Federal Employers' Liability Act, Chapters 1 & 2, and Subtitle V, Rail Safety, Part A Safety, Chapter 207, Locomotives, 49 USCA 20701, *et. seq.*, the Locomotive Safety Act, and the rules and regulations promulgated thereunder.

### **Injuries and Damages**

18. Upon information and belief, as a result of the foregoing, plaintiff sustained injuries to her right shoulder, right arm, neck and body, among other things; shock to the nervous system, anxiety, stress, and suffering; has suffered, suffers and will suffer physical pain, mental anguish, and the loss of the enjoyment of the pursuits and pleasures of life and other personal injuries; some of which are and will be permanent in nature; that plaintiff has received, receives and will receive medical, surgical, hospital and health care treatment and has incurred and will incur expenses for medical, surgical, hospital, and health care providers and health care treatment; and from time to time, has been, is and will be confined to bed and home as a result thereof; plaintiff has lost and will lose time from employment, employment earnings, and employment perquisites; all to her damage in a sum to be determined at jury trial, that will fairly and adequately make the plaintiff whole for said harms, injuries and loses

WHEREFORE, plaintiff demands judgment against the a sum to be determined at jury trial, that will fairly and adequately make the plaintiff whole for said harms, injuries and loses, together with the costs and disbursements of this action.

Dated: December 27, 2021
New York, New York

                                                **FLYNN & LAURIELLO PLLC**
                                                Attorneys for Plaintiff

BY *Valerie J Lauriello*
**VALERIE J. LAURIELLO (VL6192)**
Attorney at Law
Office & P.O. Address
5 Penn Plaza – 23rd Floor
New York, New York 10001
Tel. 212-896-3812
Fax 866-855-3813
VJLauriello@MDFlynnLaw.com